UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| C.F., a minor child<br><br>　　　　Plaintiff,<br>　vs.<br><br>BELLINGHAM PUBLIC SCHOOLS, a Municipal Corporation<br><br>　　　　Defendant. | **Case No.**<br><br>**COMPLAINT FOR DAMAGES** |

COMES NOW the plaintiff, C.F., by and through her attorney Mark A. Kaiman of Victory Legal Services PLLC, and for her causes of action against defendant Bellingham Public Schools hereby alleges as follows:

## **PARTIES**

1. At all times material hereto, plaintiff C.F. was a resident of Bellingham, Washington.

2. Bellingham Public Schools is Municipal Corporation as defined by RCW 39.50.010.

## **JURISDICTION AND VENUE**

3. All acts and omissions alleged herein occurred in Bellingham, Washington.

4. Plaintiff has timely filed a claim against Bellingham Public Schools pursuant to RCW 4.96.020 and has waited sixty days or more after said filing before commencing this action.

5. The Court has jurisdiction over this matter pursuant to 28 USC §§ 1331 and 1343.

6. Venue is proper.

## STATEMENT OF FACTS

7. Plaintiff C.F. is now sixteen years old and resides in Bellingham, Washington.

8. For most of the 2021/2022 academic year, C.F. was enrolled as a student at Squalicum High School.

9. Beginning in approximately October 2021, C.F. was repeatedly sexually assaulted by another Squalicum student identified by the initials M.G.

10. M.G. would engage in conduct such as grabbing C.F. around the waist, rubbing her thighs, rubbing his penis up against her from behind, asking her to date him, and attempting to coerce C.F. into performing oral sex on him.

11. M.G. would put his hands on C.F.'s breasts under her shirt, put his hand down her pants and touch her vagina, and generally humiliate and degrade C.F. in private and in front of other students.

12. On or about January 14, 2022, C.F. reported the sexual assaults to Dean of Students Jeremy Louzao.

13. Louzao's response to C.F. was "what do you want me to do about it?"

14. Louzao was a mandatory reporter pursuant to RCW 26.44 et seq. Louzao did not report the sexual assaults to law enforcement as the statute requires.

COMPLAINT FOR DAMAGES- Page 2 of 7



222 Grand Ave. Bellingham WA 98225
360 685 4221

15. On or about January 17, 2022, C.F. reported the sexual assaults to Dean of Students Meghan Dunham.

16. Dunham did not respond in any way to C.F.'s report.

17. Dunham was a mandatory reporter pursuant to RCW 26.44 et seq. Dunham did not report the sexual assaults to law enforcement as the statute requires.

18. On or about January 17, 2022, C.F. reported the sexual assaults to Vice Principal Chimere Hackney.

19. Hackney was a mandatory reporter pursuant to RCW 26.44 et seq. Hackney did not report the sexual assaults to law enforcement as the statute requires.

20. Hackney required C.F. to participate in what she called a "restorative circle" with M.G.

21. At Hackney's direction, C.F. was required to be alone in a room with the perpetrator of the sexual assaults, then told to "shake hands and you'll be fine."

22. On or about February 2, 2022, C.F. reported the sexual assaults to the Bellingham Police Department.

23. As a result of her report, M.G. was arrested and charged with Indecent Liberties, a class A felony.

24. The case is currently pending in Whatcom County Superior Court under cause number 22-8-00026-37.

25. C.F. eventually withdrew from Squalicum High School because of the sexual abuse and lack of appropriate response from the defendant, and began attending a different school in spring 2022.

## FIRST CAUSE OF ACTION – VIOLATION OF CIVIL RIGHTS 20 USC §1681



222 Grand Ave. Bellingham WA 98225
360 685 4221

26. Plaintiff C.F. realleges the allegations set forth above if stated here in full.

27. Bellingham Public Schools receives federal funds and is therefore subject to the requirements of Title IX of the Education Amendments of 1972 (Title IX), 20 USC §1681 et seq.

28. Discrimination on the basis of sex is prohibited by Title IX.

29. Discrimination on the basis of sex can include sexual harassment, sexual violence, and sexual assault.

30. C.F. reported sexual harassment and sexual violence to three different school officials. All three of them failed to take immediate action to adequately address the sexual violence and sexual harassment, prevent its recurrence, and address its effects.

31. The defendant is liable for the acts and omissions of its employees under the doctrine of respondeat superior.

32. The defendant failed in its duty to investigate what occurred, and take appropriate steps to address the situation.

33. Plaintiff C.F. has been damaged by defendant's violation of her civil rights in an amount to be proven at trial.

## SECOND CAUSE OF ACTION – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

34. Plaintiff C.F. realleges the allegations set forth above as if stated here in full.

35. Defendant Bellingham Public Schools had a duty to report the sexual violence and sexual assault that C.F. suffered to law enforcement pursuant to RCW 26.44.030.

36. The defendant was informed of reasonable grounds to believe that C.F. suffered sexual abuse perpetrated by M.G. while on school property, and failed in its duty to make a report to the proper law enforcement agency.

37. The defendant had a duty to ensure that that its employees as professional school personnel received adequate training with respect to their duties as mandatory reporters of sexual abuse pursuant to state law.

38. Said defendant breached both duties. The defendant's failure to properly supervise and train its employees, and the defendant's failure to report the sexual assaults, were violations of its duty of care to C.F., and was the proximate cause of the plaintiff's injuries.

39. Plaintiff has been diagnosed with the objective symptomology of emotional distress.

40. Plaintiff has been damaged by Defendant's negligent infliction of emotional distress in an amount to be proven at trial.

## **THIRD CAUSE OF ACTION - NEGLIGENCE**

41. Plaintiff C.F. realleges the allegations set forth above as if stated here in full.

42. Defendant Bellingham Public Schools had a duty to report the sexual violence and sexual assault that C.F. suffered to law enforcement pursuant to RCW 26.44.030.

43. The defendant was informed of reasonable grounds to believe that C.F. suffered sexual abuse perpetrated by M.G. while on school property, and failed in its duty to make a report to the proper law enforcement agency.

44. The defendant had a duty to ensure that that its employees as professional school personnel received adequate training with respect to their duties as mandatory reporters of sexual abuse pursuant to state law.

45. Said defendant breached both duties. The defendant's failure to properly supervise and train its employees, and the defendant's failure to report the sexual assaults, were violations of its duty of care to C.F., and was the proximate cause of the plaintiff's injuries.

46. Plaintiff has been damaged by the defendant's negligence in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (OUTRAGE)

47. Plaintiff C.F. realleges the allegations set forth above as if stated here in full.

48. The defendant engaged in a pattern of extreme and outrageous conduct. Forcing the plaintiff to participate in a ritual with the perpetrator of sexual violence against her that the school called a "restorative circle" was outside the bounds of decency and intolerable.

49. Failing to report the sexual violence against the plaintiff and choosing to ignore it as required by law was also outside the bounds of decency and intolerable in a civilized society.

50. The defendant's actions have caused the plaintiff to experience extreme emotional distress.

51. The defendant's actions have caused C.F. to experience anguish and discomfort.

52. Plaintiff has been damaged as a result of defendant's intentional infliction of emotional distress in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

Wherefore having set forth her Complaint for Damages, the plaintiff prays for the following relief:

1. All general and special damages allowable under Washington State law, in an amount to be proven at trial;

2. Damages pursuant to 20 USC §1681 including all general, special, and punitive damages allowable including an award of costs, expert witness fees, and attorney fees under federal common law;

3. For such further and equitable relief as the court deems just and proper.

## **JURY DEMAND**

Plaintiff, by and through his attorney of record, pursuant to Federal Rule of Civil Procedure 38, demands trial by jury of all issues triable by jury.

DATED THIS 7th day of December, 2022.

                                        VICTORY LEGAL SERVICES PLLC

                                        */s/ Mark A. Kaiman*
                                        _____
                                        Mark A. Kaiman WSBA No. 31049
                                        Attorney for Plaintiff



222 Grand Ave. Bellingham WA 98225
360 685 4221